UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL ROWE,<br><br>　　　　　　　　Plaintiff,<br>v.<br>DORIA, *et al.*,<br>　　　　　　　　Defendants. | Case No. 2:23-cv-00702-RFB-VCF<br><br>**ORDER** |

Plaintiff Michael Rowe brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while he was housed at Clark County Detention Center. (ECF No. 1-1). On July 7, 2023, this Court ordered Rowe to file his updated address with the Court and either file a new fully complete application to proceed in forma pauperis for non-inmates or pay the full $402 filing fee on or before August 7, 2023. (ECF No. 5). The Court warned Rowe that this action could be dismissed if he failed to timely comply. (Id. at 2). That deadline expired, and Rowe did not file his updated address with the Court, did not file a new application to proceed in forma pauperis for non-inmates or pay the full $402 filing fee, or otherwise respond. And the Court's mail to Rowe has been returned as undeliverable. (See ECF No. 6).

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to

keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Rowe's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because litigation cannot progress without a plaintiff's compliance with the Court's orders, the only alternative is to enter a second order setting another deadline. But entering a second order will only delay the inevitable and further squander the Court's finite resources because the chances the order would reach Rowe are low. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

After thoroughly considering these dismissal factors, the Court finds that they weigh in favor of dismissal.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice based on Michael Rowe's failure to file his updated address with the Court and either file a new fully complete application to proceed in forma pauperis or pay the full $402 filing fee in compliance with this Court's July 7, 2023, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Michael Rowe wishes to pursue his claims, he must file a complaint in a new case.

**IT IS FURTHER ORDERED** that Michael Rowe may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, Michael Rowe is required to explain what circumstances delayed him from filing his updated address with the Court and either paying the filing fee or filing a new application to proceed in forma pauperis. If the Court finds there to be good cause or a reasonable explanation therein, the Court will reopen the case and vacate the judgment.

DATED:  August 17, 2023

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE